RAMÍREZ, PLAINTIFF AND APPELLEE, *v.* AMERICAN RAILROAD COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Damages. (Memorandum of Costs.)

No. 2116.—Decided March 12, 1920.

COSTS—FEES OF WITNESSES.—The district court is not bound to scrutinize the stenographer's notes, although it may have the power to do so, in order to ascertain the distance traveled by the witnesses of the successful party in attending the trial for the purpose of determining the amount of the fees of the witnesses; but the facts of which the court may take notice for that purpose ought to be spread upon the record. Perhaps it would be the best

practice for the party to prove his witnesses' fees by a specific affidavit attached to or forming part of his memorandum of costs.

ID. — ATTORNEY FEES — JUDGMENT — DISCRETION OF COURT.—In accordance with the doctrine laid down in *Brac* v. *Ojeda*, 27 P. R. R., p. 605, when costs are awarded they necessarily include some attorney fees, unless such fees are expressly excluded when the judgment is rendered. In other words, if the district court thinks that the prevailing party is not entitled to fees but is entitled to costs, the judgment should expressly so state; and after having awarded the costs in the judgment without excluding the fees, the district court, in accordance with the provisions of section 327, still has discretion as to the amount of fees to be awarded the successful party to represent the value of the services of his attorney or a part of such value.

The facts are stated in the opinion.

*Messrs. F. G. Pérez Almiroty* and *G. H. Moscoso* for the appellant.

*Mr. José Sabater* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Severiano Ramírez brought suit against the American Railroad Company. Judgment was rendered for the defendant with costs and in due time it presented its memorandum of costs including $5 for the secretary, $3 for witness fees and $150 for attorney fees. The court allowed the defendant $5 for secretary's fees, nothing for attorney fees and only 50 cents for each of two witnesses. From the order of the court rendered in response to its memorandum the defendant appealed.

The first error complained of by the appellant is that the court should not have reduced the witness fees from $1.50 apiece to 50 cents apiece inasmuch as the said witnesses had attended the court from distant parts. The appellant maintains that according to our decision in *González* v. *Collazo*, 25 P. R. R. 146, it was not bound to prove that the witnesses came from afar, as these facts were within the possession of the court, who could have verified them from the stenographer's notes.

Now, whether the court could be sent to look at the stenographer's notes or whether the successful party is bound to make it appear of record that the said witnesses came

from afar is an interesting question. Law No. 15 of 1917, to amend section 339 of the Code of Civil Procedure, provides that "the court shall fix a day for the hearing of the case (*i. e.*, the memorandum of costs) and upon said hearing, at which such evidence as may be pertinent and offered by the parties shall have been introduced, the court shall render its decision." All that *González* v. *Collazo* decides is that the court may take notice of its records in awarding witness fees or like matter. It is a slightly different question, however, to say that the court is bound to scan the stenographer's notes. The court probably has the power to do so, but the facts of which the court may take notice ought to be spread upon the record.

It is evident, however, that while the District Court of Mayagüez may have had a right to inspect the stenographer's notes, we have no such right and we have no means of ascertaining from the record before us whether the witnesses came from afar or not. The appellant has only brought up the judgment, the memorandum of costs, the opposition thereto and the order of the court thereon. Perhaps it would be the best practice for the party to prove his witness fees by a specific affidavit attached to or forming part of his memorandum of costs.

With respect to the $150 for counsel's fees, the appellant maintains that attorney's fees are necessarily included in the award of costs and that therefore attorney's fees ought to be awarded.

Sections 327 and 339 of the Code of Civil Procedure were amended in 1908 and again separately amended in 1917. These two sections are the ones to be considered and, as amended in 1917, read as follows:

"Section 327.—Parties to actions or proceedings, including The People of Porto Rico, are entitled to costs and expenses subject to the rules hereinafter provided.

"In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the dis-

cretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; *And provided, further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering also the degree of blame, if any, of the party against whom judgment is rendered." Law No. 38, volume 1, page 206.

"Section 339.—Costs shall be claimed by the party to whom they have been granted by delivery to the secretary of the court wherein judgment was rendered in the first instance of a memorandum of said costs, of the disbursements necessarily made in the suit by the claimant, and of the amount of his attorney's fees, the truth of which memorandum shall be sworn to by the party or his attorney. Delivery of such memorandum shall be made within the ten days following that on which the term for appeal of the judgment rendered in the case shall have expired, in case no appeal shall have been taken; if an appeal has been taken said delivery shall be made within the ten days following that on which the court rendering judgment in the first instance shall have received official advice of the decision rendered on appeal in the last instance.

"The party against whom the costs have been taxed shall be furnished with a copy of said memorandum by the party presenting the same, and he may object to all or any of the items thereof within ten days after his copy has been delivered to him. In case of objection, the adverse party may file his answer within five days after he has been served with a copy of such objection. The court shall fix a day for the hearing of the case and upon said hearing, at which such evidence as may be pertinent and offered by the parties shall have been introduced, the court shall render its decision.

"Should objection be made to the fees of an attorney on the ground that they are excessive, the court shall, upon deciding said objection, if the same be sustained, determine the amount of fees that shall be paid.

"From decisions of the court in the matter of objection to a memorandum of costs, appeal may be taken by the party or his attorney.

"Where no objection has been made in due time to a memorandum of costs, or where such objection is made and the court has rendered

its final decision thereon and no appeal has been taken therefrom, or in case such an appeal has been taken, a final judgment is rendered pursuant to the decision on such appeal, the party against whom the costs have been taxed shall deposit the amount thereof with the secretary of the court within five days after notice thereof has been served upon him by the secretary. Should he fail to do so, a writ of execution shall issue in the same manner as in the case of a judgment; *Provided,* That nothing in this section contained shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered his appearance in the action or proceeding.'' Law No. 15, volume II, page 228.

With these two laws before us we decided in the case of *Brac* v. *Ojeda et al.,* 27 P. R. R. 605, that the award of costs in a judgment necessarily included attorney's fees. This conclusion would seem to follow, particularly from the reading of section 327 where it says that in the cases where costs have been allowed the party entitled to them shall receive from the defeated party the value of the services of an attorney, etc., and likewise from the proviso included in the same paragraph. And that the two laws are subject to this interpretation would appear from other words used in section 339.

Nevertheless, our attention has now been drawn to the fact that the two sections as ultimately amended, while making some changes, disclose no change in the essential words to which we have referred. Section 339 was changed so as to make the moment for claiming costs and fees at the period when the judgment was unappealable (*firme*). Section 327 was changed so as to entitle the winning party to fees, not only in the cases where the judgment was for $500 or more, but in all cases.

In the case of *Veve* v. *Municipality of Fajardo,* 18 P. R. R. 738, the judgment in the court below in this case being rendered after the amendments to sections 327 and 339 in 1908, we held that an award of fees, considering section 327 of the law, would have to be expressly mentioned in the judg-

ment. We thought at the time that the exercise of the discretion mentioned in section 327 should be expressly displayed in the judgment by a distinct award of fees and force was lent to this view by the fact that in other parts of the two sections fees and costs were separately mentioned.

Although, perhaps, some argument might be presented to show that by the changes made in the law the Legislature revealed more clearly its intention to make "costs" necessarily include "fees," yet we are presented with a conflict between our decision in the case of *Veve* v. *Municipality of Fajardo* and the case of *Brac* v. *Ojeda*.

Originally, the word "costs" was limited in the United States to the court costs, not including attorney's fees, but nowadays the term is frequently used interchangeably or the word costs is made to include fees, 15 C. J. 20, and we seem to have used it somewhat in that sense in the case of *Vázquez* v. *Martínez*, 17 P. R. R. 1091. The word "costs" was made to include fees in Spanish times, as appears from the judgment of the Supreme Court of Spain of July 9, 1888, where it was said that the costs and disbursements included the fees.

The majority of the judges of this court incline to the idea that it was the intention of the Legislature to make the word "costs" include fees. The whole question is not important for the jurisprudence of this court and reasons could be found on both sides. Whether the court desiring to award fees should expressly mention them in the judgment or expressly exclude them when it awards costs is a matter of practice needing only a little caution on the part of the judge and of the attorneys. All of the officers of the court can readily adapt themselves to the rule of practice laid down by this court. No matter of principle is involved.

The importance of the conclusion at which we have arrived is enhanced by the fact that since our decision of last July a number of judgments necessarily have been rendered

wherein costs were mentioned in the judgment without an express similar mention of the fees, thus creating a sort of *stare decisis* whereby a reversion to our earlier decision would necessarily deprive a number of successful parties of their attorney's fees.

Further force is lent to the fact that it was the intention of the Legislature to include fees in the award of costs by the fact that both in *Brac* v. *Ojeda, supra,* and in *López* v. *Lizardi,* judgment of February 6, 1920, the respective district courts so interpreted sections 327 and 339 as ultimately amended by the Legislature.

We are unable to tell from the record before us whether the District Court of Mayagüez thought it had no right to award fees where the judgment did not expressly include them or whether it was exercising a discretion in refusing to award such fees. We are, however, of the opinion, following *Brac* v. *Ojeda,* that when costs are awarded they necessarily include some fees unless such fees are expressly excluded when the judgment is rendered. In other words, if the district court thinks that the prevailing party is not entitled to fees, but is entitled to costs, the judgment should say "costs without fees" or some equivalent words.

After having awarded the costs in the judgment without excluding the fees the district court, in accordance with the provisions of section 327, still has a discretion in the amount of fees to be awarded the successful party to represent the value of the service of his attorney or a part of such amount.

For the foregoing reasons we have arrived at the conclusion that the order of the district court should be affirmed in so far as it limits the witness fees, and so much thereof as refuses attorney's fees should be reversed and the case sent back for further proceedings not inconsistent with this opinion.

*Reversed in part and remanded.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.